IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Philip A. Brimmer**

Civil Action No. 17-cv-01092-PAB-MEH

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

UNIVERSAL NETWORK SOLUTIONS, LLC, a Colorado limited liability company, and RAJINDER SINGH, individually, and as a member and manager of Universal Network Solutions, LLC,

    Defendants.

_____

**PERMANENT INJUNCTION AND MONETARY JUDGMENT**
_____

On May 3, 2017, plaintiff Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") [Docket No. 1], pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). Docket No. 1 at 1, ¶ 1. Defendants Universal Network Solutions, LLC and Rajinder Singh have been served with the summons and the Complaint. Docket No. 7; Docket No. 7-1; Docket No. 8; Docket No. 8-1.

The Commission and Defendants having stipulated to entry of an Order for Permanent Injunction and Monetary Judgment Against Defendants Universal Network Solutions, LLC and Rajinder Singh, and for good cause shown, the Court hereby enters this Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action.

## FINDINGS OF FACT

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in the advertising, marketing, promotion, offering for sale, or sale of Tech Support Products or Services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claims that they may have against the Commission and/or their employees, representatives, independent contractors, and agents that relate to this action and any claim that Defendants may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order. Defendants agree to bear their own costs and attorneys' fees.

5. Defendants and the Commission waive all rights to appeal or otherwise to challenge or to contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Defendant(s)" means Universal Network Solutions, LLC and Rajinder Singh, individually, collectively, or in any combination.

2. "Business Entity Defendant" means Universal Network Solutions, LLC, and its successors and assigns.

3. "Individual Defendant" means Rajinder Singh, by whatever names he may be known.

4. "Tech Support Products or Services" includes any plan, program or software, marketed to repair, maintain, or improve a computer's performance or security, including registry cleaners, anti-virus programs, anti-malware programs, firewall programs, and computer or software diagnostic services.

## SECTION I:  BAN ON TECH SUPPORT PRODUCTS AND SERVICES

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, selling, or providing any Tech Support Product or Service;

B. Assisting or providing consulting services for others engaged in, or receiving any proceeds from, advertising, marketing, promoting, offering for sale, selling, or providing any Tech Support Product or Service; and

C. Owning, controlling, or serving as an officer, director, or manager of any business entity advertising, marketing, promoting, offering for sale, selling, providing, or assisting or providing consulting services for others engaged in, advertising, marketing, promoting, offering for sale, selling, or providing, any Tech Support Product or Service.

## SECTION II:  PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, sale, or selling of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

3

A. That Defendants are part of, affiliated with, or certified or authorized by, any entity;

B. That Defendants have detected security or performance issues on a consumer's computer, including system errors, viruses, spyware, malware, or the presence of hackers; and

C. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### SECTION III: MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of Five Hundred Forty-Seven Thousand Eighty Seven Dollars ($547,087) is hereby entered in favor of the Commission and against Defendants, jointly and severally, as equitable monetary relief.

B. Upon completion of all payments and asset transfers specified in Subsection III.C, the remainder of the judgment is suspended, subject to the Subsections below.

C. Defendants are ordered to pay to the Commission Sixty-One Thousand Three Hundred Sixty Dollars ($61,360), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment shall be made within seven days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

D. The Commission's agreement to the suspension of the judgment is

expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1.    the Financial Statement of Individual Defendant Rajinder Singh signed on June 13, 2017, including the attachments;

    2.    the Financial Statement of Business Entity Defendant Universal Network Solutions, LLC, signed by Rajinder Singh, Owner, on July 5, 2017, including the attachments; and

    3.    the following email correspondence between counsel for Defendants and FTC counsel, including their attachments:

        a.    June 2, 2017;

        b.    June 13, 2017;

        c.    July 3, 2017;

        d.    July 11, 2017; and

        e.    July 14, 2017.

E.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified in Section III.D.1-3.

F.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection III.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this

Section, plus interest computed from the date of entry of this Order.

## SECTION IV: ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred and liquidated pursuant to this Order and may not seek the return of any assets.

B. Defendants may not dispute the facts alleged in the Complaint in any subsequent civil litigation brought by or on behalf of the Commission and involving Defendants as parties, including a proceeding to enforce the Commission's rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. Defendants will not contest that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that

direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F. The Limited Asset Freeze imposed by Section II of the Preliminary Injunction [Docket No. 20] is modified to permit the payments and transfers identified in the Monetary Judgment and Partial Suspension Section, Section III, above. Upon completion of those payments and transfers, the asset freeze is dissolved.

## SECTION V: CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants shall provide it, in the form prescribed by the Commission, within fourteen days.

B. Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account

(including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order, in connection with the advertising, marketing, promoting, offering for sale, selling, or providing any Tech Support Product or Service; and

      C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty days after receipt of written direction to do so from a representative of the Commission. However, customer information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## SECTION VI: COOPERATION

**IT IS FURTHER ORDERED** that Defendants shall fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants shall provide truthful and complete information, evidence, and testimony. Individual Defendant shall appear and Business Entity Defendant shall cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## SECTION VII: ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants shall obtain acknowledgments of

receipt of this Order:

A.  Each Stipulating Defendant, within seven days of entry of this Order, shall submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For five years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, shall deliver a copy of this Order to:

1.  All principals, officers, directors, and LLC managers and members;

2.  All employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and

3.  Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery shall occur within seven days of entry of this Order for current personnel.  For all others, delivery shall occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant shall obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

## SECTION VIII:  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants shall make timely submissions to the Commission:

A.  One year after entry of this Order, each Defendant shall submit a compliance report sworn under penalty of perjury.

1.  Each Defendant shall:

a. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Defendant;

b. Identify all of that Defendant's businesses by all of their names; telephone numbers; and physical, postal, email, and Internet addresses;

c. Describe the activities of each business, including the goods and services offered; the means of advertising, marketing, and sales; and the involvement of any other Defendant (which Individual Defendant shall describe if Individual Defendant knows or should know due to Individual Defendant's own involvement);

d. Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

e. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, Individual Defendant shall:

a. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

b. Identify all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest; and

c. Describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten years after entry of this Order, each Defendant shall submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

    1. Each Defendant shall report any change in:

        a. Any designated point of contact; or

        b. The structure of any Business Entity Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Individual Defendant shall report any change in:

        a. Name, including aliases or fictitious name, or residence address; or

        b. Title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest and of which Individual Defendant has direct or indirect control, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant shall submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury shall be true and accurate and comply with 28 U.S.C. § 1746,

such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_ " and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order shall be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line shall begin: FTC v. Universal Network Solutions, LLC, et al. (X170033).

## SECTION IX:  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants shall create certain records for ten years after entry of the Order, and retain each such record for five years. Specifically, Business Entity Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, shall create and maintain the following records:

A. Accounting records showing the revenues from all goods or services sold.

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination.

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.

D. All records necessary to demonstrate full compliance with each provision

of this Order, including all submissions to the Commission.

  E.  A copy of each unique advertisement or other marketing material.

## SECTION X: COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

  A.  Within fourteen days of receipt of a written request from a representative of the Commission, each Defendant shall submit additional compliance reports or other requested information, which shall be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B.  For matters concerning this Order, the Commission is authorized to communicate directly with Rachel Hirsch, Esq., Ifrah PLLC (1717 Pennsylvania Ave., Suite 650, Washington, D.C. 20006; 202-524-4140), counsel for Defendants. Defendants shall permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

  D.  Pursuant to Section 604(a)(2) of the Fair Credit Reporting Act, 15 U.S.C.

§ 1681b(a)(2), Individual Defendant authorizes any credit reporting agency, upon written request from a representative of the Commission, to furnish to the Commission consumer reports concerning Individual Defendant.

DATED December 11, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge